MICHAEL N. WESTHEIMER, CA Bar No. 178938
michael.westheimer@ogletree.com
CARA F. BARRICK, CA Bar No. 303107
cara.barrick@ogletree.com
CHAMBORD V. BENTON-HAYES, CA Bar No. 278970
chambord.benton-hayes@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Telephone: 415.442.4810
Facsimile: 415.442.4870

Attorneys for Defendant
PETSMART, INC.

MICHAEL J.F. SMITH, CA Bar No. 109426
mjfsmith@mjfsmith.com
JOHN L. MIGLIAZZO, CA Bar No. 272066
jmigliazzo@mjfsmith.com
MICHAEL J.F. SMITH, A PROFESSIONAL CORPORATION
1391 West Shaw Ave., Suite D
Fresno, CA 93711
Telephone: 559.229.3900
Facsimile: 559.229.3903

Attorneys for Plaintiff
TIMOTHY THOMPSON

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY THOMPSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PETSMART, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 1:18-cv-01725-LJO-BAM<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY INFORMATION AND DOCUMENTS** |

This Stipulated Protective Order is entered into by and between Plaintiff Timothy Thompson ("Plaintiff"), on the one hand, and Defendant PetSmart, Inc. ("Defendant"), on the other hand, by and through their respective counsel of record, with reference to the following facts.

**RECITALS**

A. Defendant has in its possession, custody or control certain information or documents that are private, proprietary or confidential. Defendant considers this information and these documents to be "Confidential Information" or "Highly Confidential Information," as those terms are defined below.

B. Defendant desires to protect the Confidential Information and Highly Confidential Information, and ensure that said information shall only be produced, used and submitted in connection with the litigation of this action, subject to this Stipulated Protective Order.

C. No part of this Stipulated Protective Order shall apply to or have any effect or limitation on the Court or the Court's officers or personnel.

**STIPULATION**

Defendant and Plaintiff (collectively, the "Parties"), stipulate and ask that the Court order as follows:

1. Definitions.

a. "Confidential Information" means any (1) non-public, private or privileged personnel or personal information; and/or (2) trade secrets or other non-public proprietary, confidential, strategic, privileged, financial, business or commercial information, data or research. All Confidential Information produced pursuant to this Stipulated Protective Order shall be used solely for the purposes of this litigation, or for purposes of enforcing an order, judgment, and/or award made in this litigation, as permitted by this Stipulated Protective Order.

b. "Highly Confidential Information" means any "Confidential Information," as that term is defined above, that is extremely sensitive, the disclosure of which to Plaintiff or to a nonparty would create a substantial risk of serious injury that cannot be avoided by less restrictive means. The Parties agree that Highly Confidential Information shall be for "Attorney Eyes Only" and, accordingly, disclosed to and reviewed only by Plaintiff's attorneys of record who have

appeared on his behalf as of the date of this Stipulation. Plaintiff may announce additional attorneys of record on his behalf by providing Defendant with notice of the same, and Defendant may make like announcements with notice to Plaintiff.

c. "Document" and "Documents" mean all written, recorded, or graphic material, in hard copy or electronic format, including, but not limited to, emails, and further including, without limitation, deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information or Highly Confidential Information. The term "Documents" further includes all original documents and copies or derivatives of those Documents.

d. "Producing Party" means a party that produces Confidential Information or Highly Confidential Information in this litigation pursuant to this Stipulated Protective Order.

e. "Recipient" means a named party in this litigation (including that named party's Counsel of Record or said counsel's agents) who receives Confidential Information or Highly Confidential Information in this litigation pursuant to this Stipulated Protective Order.

f. "Qualified Persons" means:

(1) The named parties to this action;

(2) Counsel of Record in this action and said counsel's employees;

(3) In house counsel or any such persons who are responsible for the handling of legal matters on Defendant's behalf, including said person's employees;

(4) Vendors or contractors who have been or are retained by Counsel of Record or by In House Counsel and, further, who have been or are actively engaged in the conduct of this litigation;

(5) Experts, investigators or litigation consultants engaged by Counsel of Record to assist in this litigation; and

(6) Fact witnesses providing testimony by deposition or at any trial proceeding in this case.

2. <u>Designation, of Confidential Information or Highly Confidential Information</u>. To designate Documents as Confidential Information or Highly Confidential Information, the Producing Party shall place a legend or stamp on the Document in such a way that it brings either designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that the Document contains Confidential Information or Highly Confidential Information, *e.g.*, by stamping the Document "Confidential" or "Highly Confidential Information - Attorney Eyes Only," or words to either effect. To designate Confidential Information or Highly Confidential Information in testimony (or in exhibits referred to therein), the Producing Party shall (a) make an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time up to and until twenty (20) days after receipt of the transcript, and, upon such notice, (c) make arrangements with the reporter to bind the confidential portions of the transcript separately and to label that bound material accordingly. Further, during depositions or arbitral proceedings, any Producing Party claiming confidentiality with respect to information that is to be disclosed or upon which questions are based may exclude from the room any party or person who is not a Qualified Person.

3. <u>Permissible Uses of Confidential Information and Highly Confidential Information</u>. All Confidential Information obtained by a Recipient in discovery in this litigation, and all Highly Confidential Information disclosed to a Recipient's attorneys, shall be used by the Recipient or the Recipient's attorneys solely for the prosecution or defense of the claims in this litigation, and shall not be used by the Recipient or the Recipient's attorneys in any other legal action, or for any business, commercial, financial, competitive, harassing, personal, personnel, publicity, media or other purpose, except that nothing herein shall preclude Defendant (or its affiliates) from pursuing legal action relating to misconduct of its employees or vendors which are necessary to ensure that its employees, vendors or policies are acting or being applied in accordance with the law. No Recipient or other person to whom Confidential Information or Highly Confidential Information is disclosed, and no attorney for a Recipient to whom Highly Confidential Information is disclosed, shall copy, transcribe, or otherwise reproduce or distill in written or any other form any part or

portion of any Confidential Information or Highly Confidential Information except as necessary for purposes of the litigation.

4. <u>Permissible Disclosure of Confidential Information or Highly Confidential Information</u>. The Recipient of Confidential Information or the Recipient's attorneys who have received Highly Confidential Information shall disclose that information only to Qualified Persons, and, with respect to certain of these Qualified Persons, only under these conditions:

a. Any Recipient of Confidential Information or any attorney for a Recipient who has received Highly Confidential Information shall not reveal that information to nor discuss that information with any person who is not entitled to receive that information, except as set forth in this Stipulated Protective Order.

b. Prior to disclosure of Confidential Information to persons described in paragraphs 1(f)(l) or 1(f)(4)-(6) of this Stipulated Protective Order, the Recipient shall advise that person that, pursuant to this Stipulated Protective Order, he or she may not divulge that information to other individuals.

c. Any person who receives Confidential Information pursuant to paragraphs 1(f)(1) or 1(f)(4)-(6) of this Stipulated Protective Order, shall read this Stipulated Protective Order and undertake in writing to be bound by its terms, to maintain that information designated as Confidential Information in confidence, not to use or disclose information designated as Confidential Information to anyone other than to a Qualified Person, and not to use Confidential Information except in connection with the instant action. Such persons shall indicate their agreement to be bound by the terms of this Stipulated Protective Order by signing and dating an acknowledgment substantially in the form attached as Exhibit "A" (the "Disclosure Agreement"). Before reviewing Defendant's confidential documents, Plaintiff shall sign that Disclosure Agreement. Each original, executed Disclosure Agreement shall be maintained in the files of the Recipient and shall be available for review by all counsel and Parties upon reasonable notice.

d. Highly Confidential Information may be disclosed only to the Qualified Persons identified in paragraphs 1(f)(2)-(3). Accordingly, if persons to whom Highly Confidential Information may not be disclosed are present during times in which that Highly Confidential

Information is being disclosed, the Producing Party shall request that said persons leave the location where that Highly Confidential Information is being or will be disclosed.

e. Nothing shall prevent disclosure beyond the terms of this Stipulated Protective Order if the Producing Party of Confidential Information or Highly Confidential Information consents in writing to that disclosure prior to the disclosure of that information.

5. Challenging Confidential Information or Highly Confidential Information Designations. In the event the Recipient disputes or Recipient's attorneys dispute the Producing Party's designation of individual documents or a category of documents or information as Confidential Information or Highly Confidential Information, the Recipient shall notify the Producing Party in writing of such dispute. In an effort to settle such dispute without judicial intervention, the Parties shall meet and confer to determine whether the restrictions imposed by this Stipulated Protective Order are warranted with respect to such disputed information, but if resolution of the dispute cannot be reached, the Recipient may apply to the Court for an appropriate determination. The Producing Party has the burden of proof in maintaining the designation of individual documents or a category of documents or information as Confidential Information or Highly Confidential Information.

6. Inadvertent or Improper Disclosure.

a. A Producing Party's inadvertent failure to designate Confidential Information or Highly Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient or Recipient's attorneys promptly upon discovery of the failure to designate.

b. If a Recipient discloses Confidential Information or a Recipient's attorneys disclose Highly Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by the Recipient, the Recipient's attorneys, or by the person to whom the Recipient or Recipient's attorneys disclosed such information.

7. Return or Destruction of Confidential Information or Highly Confidential Information. Within thirty (30) business days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the Recipient shall return to the Producing Party all Confidential Information and shall cause his, her or its attorney to return all Highly Confidential Information, all copies of such information, and any Documents incorporating such information. Alternatively, at the request of the Producing Party, the Recipient shall destroy all such materials and certify in writing that all such materials have been destroyed.

8. Litigation or Arbitral Proceedings Involving or Requiring Confidential Information or Highly Confidential Information. With respect to trial proceedings involving Confidential Information or Highly Confidential Information, the Parties will comply with the provisions of Rule 26 of the Federal Rules of Civil Procedure and Local Rule 141 of the Eastern District of California.

9. Exceptions. The restrictions set forth in this Stipulated Protective Order shall not apply to:

a. Information that was, is or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Stipulated Protective Order; or

b. Defendant (or its affiliates), with respect to its own information or information received or created during the normal course of its own businesses.

10. Discoverability and Admissibility of Documents. Nothing in this Stipulated Protective Order shall be construed to affect either the discoverability or admissibility of any information, document, recording or thing, nor shall any named party's entry into this Stipulated Protective Order be deemed to waive either that party's right to object to the disclosure or production of information, documents, recordings or things on appropriate grounds, or to move to compel the production of information, documents, recordings or things wrongfully withheld from production.

11. No waiver. Nothing in this Stipulated Protective Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other relevant

privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the Recipient agrees that, upon request from the Producing Party, it shall promptly return all copies of Documents containing the privileged information, delete any versions of the Documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

12. Protected material subpoenaed or ordered produced in other litigation. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

a. promptly notify in writing the party that made the designation on the materials (the "Designating Party"). Such notification shall include a copy of the subpoena or court order;

b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

13. Not a Contract. This Stipulation and Protective Order shall not be construed or argued or interpreted as creating a contract between the Parties or between their counsel or between the Parties and their counsel.

14. Jurisdiction. At the election of the party who claims a violation of this Stipulated Protective Order, the United States District Court for the Eastern District of California shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Stipulated Protective Order. The Parties consent to jurisdiction in said court to resolve any disputes or requested relief arising under this Stipulated Protective Order.

DATED: February 12, 2019

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Cara F. Barrick
Michael N. Westheimer
Cara F. Barrick
Chambord V. Benton-Hayes
Attorneys for Defendant
PETSMART, INC.

DATED: February 12, 2019

MICHAEL J.F. SMITH, A PROFESSIONAL CORPORATION

By: /s/ John L. Migliazzo *(as authorized on 3/12/19)*
Michael J.F. Smith
John L. Migliazzo

Attorneys for Plaintiff
TIMOTHY THOMPSON

37593284.4

**EXHIBIT A**
**TO STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVER INFORMATION AND DOCUMENTS**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ____________________________________ (print name) of _____________________________ (print address) declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was entered by the U.S. District Court for the Eastern District of California on __________________ (insert date) in the case of *Timothy Thompson v. PetSmart, Inc.*, Case No. 1:18-cv-01725-LJO-BAM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order.

I hereby appoint _____________________________(insert name) of ____________________________________________(insert address) as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ________________________________

City and State where sworn and signed: ___________________________________

Printed Name: _________________________________

Signature: ____________________________

37593284.4

**ORDER**

The Court adopts the stipulated protective order submitted by the parties. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to this protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential. Also, the parties shall consider resolving any dispute arising under this protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated: **March 13, 2019**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE